FILED

SEP 1 8 2025

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

Quintarius McKinnie

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:
Case No. 25-33026-sgj13
Chapter 13

Quintarius McKinnie,
Debtor.

## MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CASE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Debtor, Quintarius McKinnie, and respectfully submits this Motion to Vacate the Dismissal Order and Reinstate Case, and in support thereof would show the Court as follows:

1. Background
1. Debtor filed a Chapter 13 bankruptcy petition on August 8, 2025.
2. On September 3, 2025, the Court dismissed the case for failure to pay the filing fee. 3. Debtor's motion to pay the filing fee in installments was denied.
4. Debtor's motion for additional time to file schedules and forms was pending, with a due date of September 5, 2025.
5. Debtor has now completed all required schedules and forms and is prepared to tender the full filing fee without delay.

2. Legal Basis for Relief
1. 11 U.S.C. § 350(b) authorizes a bankruptcy court to reopen or reinstate a case "to administer assets, to accord relief to the debtor, or for other cause."
2. Bankruptcy courts have broad discretion to vacate dismissal orders when doing so serves the interests of justice and promotes the Bankruptcy Code's purpose of affording debtors a fresh start. In re Parker, 132 B.R. 577, 582 (Bankr. M.D. Fla. 1991).
3. Courts routinely reinstate Chapter 13 cases where the debtor demonstrates good faith, prompt corrective action, and the ability to comply with statutory requirements. See In re Hernandez, 287 B.R. 795, 800 (Bankr. D. Ariz. 2002); In re Lewis, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001). 4. In applying equitable principles, courts have noted that reinstatement is appropriate where dismissal would work a disproportionate hardship on the debtor and creditors alike. In re Gilpin, 209 B.R. 490,

493 (Bankr. W.D. Mo. 1997).

3. Reasons for Relief
 1. Debtor can pay the filing fee immediately in full.
2. Debtor has completed all missing schedules and forms.
3. Debtor has acted with diligence and respect for this Court, demonstrating good faith in seeking to prosecute this Chapter 13 case.
4. Denial of reinstatement would cause undue prejudice and harm, contrary to the rehabilitative purpose of Chapter 13.

4. Request for Relief
WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this
 Court: 1. Vacate or rescind the dismissal order;
2. Reinstate this Chapter 13 case to active status; and
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Quintarius McKinnie
Debtor, Pro Se

Sep 18th, 2025
901-652-5702