Robert E. Bone
Texas State Bar No. 00796227
O'Conor, Mason & Bone, P.C.
1616 S. Voss, Suite 200
Houston, Texas 77057
Telephone: (713) 647-7511, Ext. 23
Facsimile No. (713) 647-7512
ATTORNEYS FOR MOVANT
BISHOP ARTS PROPERTY OWNER, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | 25-33026-sgj13 |
| QUINTARIUS MCKINNIE | § | (Chapter 13) |
| | § | |
| | § | **<u>Preliminary Hearing</u>** |
| Debtor | § | **October 30, 2025, 1:30 p.m.** |

**BISHOP ARTS PROPERTY OWNER, LLC'S
<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

TO THE HONORABLE CHIEF JUDGE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

**BISHOP ARTS PROPERTY OWNER, LLC** ("Banyan" or "Movant"), a creditor and interested party to an unexpired lease with Debtor Quintarius McKinnie (the "Debtor"), files this its *Motion for Relief from Automatic Stay* (this "Motion"), and in support thereof would show this Honorable Court the following.

> **PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT HEREIN MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, BEFORE THE CLOSE OF BUSINESS ON OCTOBER 20, 2025, WHICH IS AT LEAST FOURTEEN (14) DAYS FROM THE DATE OF SERVICE HEREOF.  A COPY SHALL BE SERVED UPON THE DEBTOR AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.  ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO CONTINUE.**

**THERE WILL BE A PRELIMINARY HEARING ON THIS MATTER BEFORE THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY CHIEF JUDGE, ON OCTOBER 30, 2025 AT 1:30 O'CLOCK p.M., AT THE U.S. COURTHOUSE, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS.**

**The webex link for the hearing is: https://us-courts.webex.com/meet/jerniga**.

## I. INTRODUCTION AND RESERVATION OF RIGHTS

1. Debtor defaulted in the payment of Rent to Banyan (as defined below) in that Debtor has failed to tender the entirety of the monthly rent due for the subject premises under her lease with Banyan, said rent currently being in the amount of $1,805.00 per month, exclusive of late fees and late charges, for at least the months from September 1, 2025 to (now) October 6, 2025.  In all Debtor has defaulted in the payment of at least two months' of post-petition rental payments due Banyan.

2. **Because of the Debtor's own actions and inactions in his bankruptcy, Banyan reserves the right to seek expedited and/or emergency consideration of this Motion and/or seek other relief on such basis.**

## II.  JURISDICTION

3.      This Honorable Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C.

§ 157(b)(1).  Jurisdiction exists because this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(G).  Moreover, this is a proceeding to terminate, annul, modify or condition the

automatic stay in accordance with U.S.C. § 362(d).

## III.  PARTIES

4.      Banyan, as Movant, is the owner of a multi-family residential housing community known

as "Banyan Flats" (the "Apartments").

5.      The Debtor is a Chapter 13 debtor who commenced the above-captioned bankruptcy matter

by filing a voluntary petition for relief under Chapter 13 of the United States Bankruptcy

Code on August 8, 2025.

## IV.  FACTUAL BACKGROUND

6.      The Premises made the basis of this Motion are located within the jurisdiction of this

Honorable Court and are generally described as residential leased premises located at **2022**

**N. Beckley Avenue, Apartment No. 1102, Dallas, Texas 75208** (the "Premises").

7.      On October 16, 2024 Banyan entered into that certain Apartment Lease Contract (the

"Lease") with the Debtor for the Premises, located in the Apartments.  A true and correct

copy of the Lease is attached to this Motion as **Exhibit "A"** and is incorporated for all

purposes.  By virtue of the rights conveyed to the Debtor under the Lease, Debtor entered

into Debtor's possession of the Premises effective October 16, 2024.  The initial term of the

Lease Contract is from October 6, 2024 to January 15, 2026.

8.      Per Page 1, Section C of the Lease the market monthly rent for the Premises is $1,805.00.

Per Page 1, Section C and Page 2, Section 3 of the Lease, Debtor was obligated to tender the

rent for the Premises, in advance and without demand, to Banyan on or before the 1st day of
each month (due date) with no grace period.  In the event the Debtor did not pay all rent on
or before the 3rd day of the month, Section 3 of the Lease provides that Debtor would be
further obligated to pay an initial late charge equal to ten percent (10 %) of the monthly rent
for the Premises.

9. The Debtor is delinquent in the payment of rent to Banyan in that Debtor has failed to tender
the entirety of the rent payment due for the Premises under the Lease for at least the months
of September 2025 through (now) October 2025 (collectively, the "Rental Payments").  The
Rental Payments are a post-petition payments due Banyan.  Since the time the Debtor
declared bankruptcy on August 8, 2025 Debtor has not complied with his obligations to
tender post-petition rent and other charges from September 1, 2025 onward.

10. Debtor has presented no proposal and taken no other action by which Debtor would cure the
post-petition default with respect to the Rental Payments.  In addition to the substantial
amounts owed Banyan at the time the Debtor initiated this bankruptcy ($12,578.56), post-
petition utilities, late fees and interest have accrued and continue to accrue under the Lease
with respect to the missed Rental Payments. Banyan is entitled to collect from Debtor the
late fees that have accrued under the Lease with respect to the missed Rental Payments.
After applying all applicable offsets and credits, per the Ledger (attached to this Motion as
**Exhibit "B"** and is incorporated for all purposes) the Debtor owes at least **$2,182.48** under
the Lease in rent and other sums owed through October 6, 2025, as a post-petition debt owed
by the Debtor[1].

---

[1]      Banyan will provide updated information regarding the accrual of late fees and interest prior to or at the
hearing on this Motion.

11.     Despite not paying the Rental Payment due under the Lease, the Debtor remains in possession of the Premises.

## V.  RELIEF REQUESTED

12.     Banyan respectfully requests that this Honorable Court immediately lift, annul and terminate the automatic stay of 11 U.S.C. § 362 with respect to Banyan, the Lease and the Premises. The purpose of this request is to allow the Movant to pursue remedies available to it under state law to remove the Debtor (as the sole leaseholder of the Premises under the Lease) as well as any and all other occupants, from the Premises and to allow Banyan to offset any security deposit on hand against amounts due under the Lease.

13.     Banyan respectfully requests this relief from the automatic stay because its interests in the Premises is not adequately protected.  Further, the Premises are not necessary for an effective reorganization, the Debtor has no equity in the Premises, and "for cause" due to the Debtor's failure to pay the Rental Payment due under the Lease.

14.     Cause exists to immediately lift, annul and terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(1), on account of, without limitation, the grounds recited above.  Debtor has not paid the post-petition Rental Payment due for the Premises under the Lease of $1,805.00 per month, for at least the months of September 2025 through October 2025.

15.     Debtor has no reasonable prospects of paying the Rental Payment or other recurring payments due monthly under the Lease (e.g. late charges) due at least for the months of September 2025 through October 2025 in order to cure the post-petition default as necessary to cure the default and assume the Lease under 11 U.S.C. § 365, or to satisfy the other requirements of a Chapter 13 debtor in possession.

16.     Debtor's actions have caused Banyan to retain the undersigned counsel to represent it in this matter, and Banyan has incurred and will continue to incur reasonable attorney's fees and

costs in connection with pursuing this Motion. Banyan requests that it recover its reasonable and necessary attorney's fees incurred as provided for in the Lease.

17.     A proposed form of order has been filed and served with this Motion and is incorporated by reference as if fully set forth verbatim.

**PRELIMINARY DESIGNATION OF WITNESSES AND EXHIBITS**

18.     Banyan designates the following persons as potential witnesses for any hearing on this Motion.

    a.     **LEGUNTESE PATTON** (whose Affidavit is filed contemporaneous with this Motion and incorporated herein.

    b.     One or more representatives of Banyan, or its agent or management company.

    c.     Any witnesses designated by any other person.

    d.     Rebuttal witnesses as may be called at the hearing.

19.     Banyan designates the following documents as potential exhibits for any hearing on this Motion.

    a.     The Lease.

    b.     The Ledger

    c.     Any document designated by another party.

    d.     Rebuttal documents as may be introduced at the hearing, including but not limited to communications from the Debtor to counsel for Banyan.

20.     Banyan reserves the right to amend and/or supplement this designation, and to seek additional relief as necessary.

## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, **BISHOP ARTS PROPERTY OWNER, LLC** respectfully requests that this Honorable Court lift, annul and terminate the automatic stay of 11 U.S.C. § 362, so as to allow Banyan, in the name of the Apartments, to pursue remedies available to it under state law to remove the Debtor (as the sole leaseholder of the Premises under the Lease) as well as any and all other occupants from the Premises, and to allow Banyan to offset any security deposit on hand against amounts due under the Lease.  Movant requests such other and further relief to which Movant is entitled at law or in equity.

DATED: October 6, 2025

Respectfully Submitted,

**O'CONOR, MASON & BONE, P.C.**

By: */S/ Robert E Bone*
       **ROBERT E. BONE**
       State Bar No. 00796227
       1616 S. Voss, Suite 200
       Houston, Texas 77057
       Phone: (713) 647-7511, Ext. 23
       Fax: (713) 647-7512
       bone@ombtxlaw.com

       **ATTORNEYS FOR BISHOP ARTS PROPERTY OWNER, LLC (LANDLORD)**

## CERTIFICATE OF CONFERENCE

I hereby certify that as on October 6, 2025 I conferred via e-mail correspondence with the Debtor (who is representing himself *Pro Se)* regarding the merits of the foregoing Motion for Relief from Automatic Stay.  As of the filing of this Motion for Relief from Automatic Stay, based upon the fact that I have not received any response from counsel for the Debtor it is the understanding of the undersigned that the foregoing Motion for Relief from Automatic Stay is opposed by Debtor.


*/S/ Robert E Bone*
**ROBERT E. BONE**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025 a true and correct copy of the foregoing Notice of Appearance and Request for Notice was served in accordance with the Federal Rules of Bankruptcy Procedure (i) electronically upon all registered ECF Users who has appeared in this case.  Please refer further to Movant's **Service Exhibit "1"**.


*/s/ Robert E. Bone*
**ROBERT E. BONE**

## SERVICE EXHIBIT "1"

Quintarius McKinnie
2022 N. Beckley Avenue
Apartment No. 1102
Dallas, Texas 75208
**Debtor**

**Debtor** *Pro Se*
*Via First Class Mail*
*and Via Scan and E-Mail*

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

**United States Trustee**
*Via ECF*

Thomas Powers
5601 Executive Dr.
Suite 300
Irving, TX 75038

**Trustee**
*Via ECF*