Robert E. Bone
Texas State Bar No. 00796227
O'Conor, Mason & Bone, P.C.
1616 S. Voss, Suite 200
Houston, Texas 77057
Telephone: (713) 647-7511, Ext. 23
Facsimile No. (713) 647-7512
ATTORNEYS FOR MOVANT
BISHOP ARTS PROPERTY OWNER, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | 25-33026-sgj13 |
| QUINTARIUS MCKINNIE | § § | (Chapter 13) |
| | § § | **Preliminary Hearing** |
| Debtor | § | **October 30, 2025, 1:30 p.m.** |

**AFFIDAVIT OF LEGUNTESE PATTON IN SUPPORT OF
MOVANT BISHOP ARTS PROPERTY OWNER, LLC'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

On this day came on before me, the undersigned Notary of Public, **LEGUNTESE PATTON**, who, after personally appearing before me and by me first being duly sworn, deposed and stated as follows:

1. "My name is **LEGUNTESE PATTON**. I am over eighteen (18) years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated. I am the Property Manager for the multi-family residential housing community known as 'Banyan Flats' (the "**Apartments**") for **BISHOP ARTS PROPERTY OWNER, LLC**, the Movant herein. I have personal knowledge of every statement herein made, I am fully

competent to testify to the matters stated herein, and the matters stated herein are true and correct. In this regard, I am fully qualified and authorized to make this affidavit on behalf of the Apartments."

2. "As the current Property Manager for the Apartments, I am the custodian of business records for the Apartments, and I have possession, custody, control or access to the business records of the Apartments. Attached hereto are certain documents labeled as **Exhibit 'A'** and **Exhibit 'B'** (the '**Records**') from the Apartments. The attached Records (**Exhibit 'A'** and **Exhibit 'B'**) are kept by the Apartments in the regular course of business of the Apartments, and it is the regular course of business of the Apartments for an employee or representative of the Apartments, with knowledge of the act, event, condition, opinion or diagnosis recorded, to make the record or to transmit information thereof to be included in such Records. These Records were made at or near the time or reasonably soon after the act, event, condition, opinion or diagnosis that was recorded, or it was in the regular course of business of the Apartments for an employee or representative of the Apartments to secure such Records from other parties with the knowledge of the act, event, condition, opinion or diagnosis."

3. "As the current Property Manager for the Apartments, I am familiar with the statements made herein, and the facts and circumstances concerning the terms of the Apartment Lease Contract starting November 8, 2024 (the "**Lease Contract**", a true and correct copy of which is attached hereto as **Exhibit 'A'**) between the Apartments and **QUINTARIUS MCKINNIE** (the "**Debtor**"). The Apartments maintains a resident file on the Debtor, which contains, among other things, a copy of the Lease Contract as well as a resident ledger for the Premises. Attached hereto as **Exhibit 'B'** is a true and correct copy of the Resident

Charges/Payments Ledger maintained for the Premises, as of October 6, 2025 (the '**Ledger**')."

4. "Pursuant to the terms of the Lease Contract, prior to the default described herein the Debtor entered into possession of those certain premises located at **2022 N. Beckley Avenue, Apartment No. 1102, Dallas, Texas 75208** (the "**Premises**") effective October 16, 2024. The Premises are located in the Apartments' community, and I am therefore familiar with the Debtor's default of the Lease Contract, and the amounts owed to the Apartments under the Lease Contract, per the Ledger."

5. "Per Page 1, Section C of the Lease Contract the monthly rent for the Premises is $1,805.00. Per Page 1, Section C and Page 2, Section 3 of the Lease Contract, the Debtor is presently obligated to tender the sum of $1,805.00 per month in rent, in advance and without demand, to the Apartments on or before the 1st day of each month (due date) with no grace period. Per Section 3 of the Lease Contract, in the event the Debtor did not pay all rent on or before the 1$^s$ day of the month, Page 1, Section G and Section 3.3 of the Lease Contract provide that the Debtor would be further obligated to pay a late fee equal to ten percent (10%) of one month's rent ($180.50) for each month unpaid until the amount due is paid in full."

6. "At the time the Debtor declared bankruptcy on August 8, 2025, the Debtor owed the Movant and the Apartments $12,578.56 in unpaid rent, unpaid utilities and other obligations. Since the date the Debtor declared bankruptcy Debtor has not paid any sums in rent and other charges for the period from September 1, 2025 through (now) October 6, 2025."

7. "After applying all offsets and credits, per the Ledger when accounting for rent alone for the period from September 1, 2025 to October 1, 2025, Debtor owes at least the sum of **$2,182.48** under the Lease Contract in post-petition rent and other fees and costs through

October 6, 2025. This sum owed is within the knowledge of the affiant to be just and true, and that it is due and that all just and lawful offsets, payments and credits have been allowed. Debtor remains in possession of the Premises."

8. "Since it was necessary to seek an order from this Honorable Court to lift the automatic stay in order to obtain judicial possession of the Premises, the Apartments hired a law firm to represent it in this regard. In this regard, the Apartments employed the law firm of O'Conor, Mason & Bone, P.C., attorneys at law, to represent it in this regard, and has agreed to pay said law firm its reasonable and necessary attorneys' fees incurred in this matter. I affirm the Apartments is seeking an order from this Honorable Court granting it relief from the automatic stay, so it may thereafter recover judicial possession of the Premises, plus all past due rent as well as its reasonable attorneys' fees and taxable costs of court."

FURTHER AFFIANT SAYETH NOT.

_____
LEGUNTESE PATTON
Property Manager FOR
BISHOP ARTS PROPERTY OWNER, LLC
Movant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on October 6, 2025.

_____
Notary Public, State of Texas



JENNIFER MONIQUE WILLIAMS
Notary ID #135510850
My Commission Expires
April 11, 2029