# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE:
QUINTARIUS MCKINNIE,
Debtor.

CASE NO.: 25-33026-SGJ-13
CHAPTER 13

**FILED OCT 27 2025**
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND RESCHEDULING OF HEARING

TO THE HONORABLE CHIEF JUDGE STACEY G. C. JERNIGAN:

COMES NOW, Quintarius McKinnie ("Debtor"), appearing pro se, and respectfully files this Emergency Motion for Expedited Consideration and Rescheduling of Hearing on Bishop Arts Property Owner, LLC's Motion for Relief from the Automatic Stay, and in support thereof states as follows:

### 1. Background

1. Debtor filed this Chapter 13 bankruptcy case on August 8, 2025, which imposed the automatic stay under 11 U.S.C. § 362(a).
2. Debtor resides at 2022 N. Beckley Avenue, Apartment 1102, Dallas, TX 75208, under a lease with Bishop Arts Property Owner, LLC ("Landlord").
3. Landlord filed a Motion for Relief from the Automatic Stay with a preliminary hearing scheduled for October 30, 2025, at 1:30 p.m.
4. The deadline to respond has already passed, but Debtor was hospitalized and recovering from surgery, making timely response impossible.

### 2. Good-Faith Efforts to Cure Post-Petition Rent

5. Debtor acknowledges being behind on post-petition rent but has already communicated with Landlord regarding payment and intends to bring all post-petition rent current within the next few weeks.
6. These efforts demonstrate good faith and intent to comply with the Bankruptcy Code, and adequately protect the Landlord's interests under 11 U.S.C. § 362(d)(1).
7. There is no "cause" to lift the automatic stay at this time.

### 3. Medical Circumstances and Imminent Hardship

8. Debtor has an inpatient surgery scheduled for Wednesday, October 30, 2025, and will require at least one week of hospitalization and recovery.
9. Debtor's health is declining, and immediate eviction or forced relocation would impose serious

and irreparable harm, including significant physical risk and inability to care for himself during recovery.

10. Debtor plans to relocate to his hometown after recovery and requires at least thirty (30) days to do so safely.

11. Courts in the Northern District of Texas recognize that health considerations, imminent medical procedures, and the ability to safely relocate are valid reasons to grant emergency relief or reschedule hearings. See 11 U.S.C. § 105(a); Mooney v. Gill, 310 B.R. 543 (N.D. Tex. 2002).

4. Emergency Request to Reschedule Hearing or Delay Relief

12. Debtor respectfully requests that the Court, on an emergency basis:
- Reschedule or postpone the hearing currently set for October 30, 2025, to a later date; or
- Delay the effectiveness of any order granting relief from the automatic stay for at least thirty (30) days (through approximately November 30, 2025).

13. This short extension will allow Debtor to:
- Complete payment of post-petition rent; and/or
- Safely relocate to his hometown without endangering health.

14. Granting this emergency relief is equitable, consistent with the Court's broad powers under 11 U.S.C. § 105(a), and necessary to balance hardships. Immediate lifting of the stay would impose severe, disproportionate hardship on Debtor, while Landlord's interests remain adequately protected by post-petition payments.

5. Prayer

WHEREFORE, PREMISES CONSIDERED, Debtor Quintarius McKinnie respectfully requests that this Honorable Court:

1. Grant this Emergency Motion for Expedited Consideration;
2. Reschedule or postpone the October 30, 2025 hearing, or alternatively, delay the effectiveness of any relief from stay for at least thirty (30) days; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Quintarius McKinnie
Quintarius McKinnie, Debtor, Pro Se
2022 N. Beckley Avenue, Apt. 1102
Dallas, TX 75208
[Phone number redacted]
[Email address redacted]

901-652-5702